IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADRIAAN D. KNOX, | ) | |
| Petitioner, | ) | No. C 12-6000 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

Petitioner, who is currently on parole, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from the Monterey County Superior Court.

**BACKGROUND**

After a jury trial, petitioner was convicted of various drug related charges and was sentenced to state prison for a term of two years.

On appeal, petitioner contended, among other things, that the trial court erred in denying his motion to suppress evidence obtained during an unlawful "protective sweep." On June 27, 2011, the California Court of Appeal affirmed the judgment of the trial court and, on August 31, 2011, the Supreme Court of California denied review.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

A habeas petition may be dismissed if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate if the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Id.

B.   Legal Claims

Petitioner seeks federal habeas relief on the ground that his Fourth Amendment rights were violated by the trial court's denial of his motion to suppress evidence obtained during an unlawful "protective sweep."

Petitioner's Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976), which bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Here, even if the state courts' determination of

petitioner's Fourth Amendment claim was improper, it cannot be remedied in federal habeas because petitioner was provided a full and fair opportunity to litigate the issues in the state courts. See Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: Dec. 3, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Knox, D.12-6000.dismissal.wpd

3